Catron, Ch. J.
delivered the opinion of the court.
We cannot distinguish the relation of Harper to this transaction, from that of a'commissioner of a bankrupt, where the trustee makes the sale of the assets. In such case, the commissioner has a duty to perform, to make the estate bring the best price, and cannot buy without *385 being subject to have the sale set aside at the election of the creditors. 10 Vesey, 385.
In all cases where the property is vested in a trustee, with power to sell, or where there is a power in one to sell the title remaining in the cestui que trust, or the aid of a solicitor is called in, or there is an agent to aid in effecting the sale, such persons cannot be permitted to buy the property, denuded of the trust, and if any interested, especially the cestui que trust, calls in question the purchase, that it was fair, is no de-fence; the trust attends it. Armstrong’s heirs vs Campbell, Nashville, March 1832;(a) 2 Johnson’s Ch. C. 256, 260.
What was Harper’s situation? 1. He had the right to say when Cray should sell at option. 2. Whether Gray should sell on a credit, and what credit, or for ready cash. Gray, in truth, was a naked trustee, and the power to order and control the sale entirely in Harper. A party to the transaction thus situated, is not permitted to buy in the legal title; “however innocent the purchase may be in the given case,” it is poisonous in its consequences. The cestui que trust is not bound to prove, or the court bound to judge, that the purchaser has made an advantageous bargain. 2 Johnson’s Ch. C. 260. But were it otherwise, here the evil consequences are apparent. Harper ordered the sale forthwith to be made, and for ready cash, and purchased in at least $4000 worth of property, for $1000; then re-sold the Stilwell estate for the exact amount that paid his debt, with interest, and all charges incident to prosecuting the claim. That he sold the interest in the estate for much less, perhaps one half of its real value, is pretty manifest; but the heirs of Wade have no right to call upon Harper for any mismanage *386 ment in this respect. The property parted with was an outstanding chose in action, belonging to their father in his life time, and there being no personal representative, Harper can only be made to account on the foot of payment, through his deed of trust, for so much as he actually did receive in relief of the real estate conveyed, which is entirely disincumbered, and which the court is gratified to believe, attains pretty nearly the justice of the case. Having taken the claim on the Stilwell estate, and the legal title to the land in Henry, encumbered with the trust that was attached to it in the hands of Gray, it was unconscientious to proceed against the land, after his debt was fully paid by the sale of the personal property pledged. Harper must therefore be perpetually enjoined from proceeding in ejectment at law, and be divested of his title as decreed below.
Decree affirmed.

 Ante page 201.